IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CFB-5, INC., | § | |
| | § | |
| Appellant | § | CIVIL ACTION NO. |
| | § | 3:06-CV-2104-P |
| v. | § | (Bankr. Ct. No. 04-81594-hdh-7) |
| | § | |
| JAMES CUNNINGHAM, Trustee, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

This is an appeal from two final orders of the United States Bankruptcy Court for the

Northern District of Texas.  The orders appealed from are the "Order Sustaining Trustee's

Objection to Claim of Interest in Artwork," entered on September 26, 2006, and the "Order

Approving Trustee's Settlement with Surf City-USA, Dallas, Ltd." ("Surf City"), entered on

October 2, 2006.  (Mini-record at 5-8.)[1]  After reviewing the record, the parties' briefs, and the

applicable law, this Court hereby AFFIRMS the orders of the Bankruptcy Court.

### I.    Factual and Procedural Background

The cause of action underlying this appeal is a petition in bankruptcy against Vernon

Hulme ("Hulme" or "Debtor").  The original bankruptcy petition was filed as an involuntary

action by Appellant against Hulme in October 2004.  (*Id.* at 9.)  It was converted to a Chapter 7

proceeding in December 2004, and Appellee was appointed as Chapter 7 Trustee.  (*Id.* at 10.)

After investigation, Appellee determined that the only assets that could be used to create an

---

[1]Appellant filed its brief in support of its appeal ("Br.") on March 20, 2007.  Appellee filed its brief in
response ("Resp.") on April 17, 2007, and Appellant submitted its reply ("Reply") on April 25, 2007.

estate from which creditors could be paid was a collection of paintings listed in Debtor's

Personal Property Schedule.  (R. at 380-82, 394.)  Some of these paintings were in the

possession of Greg Cunningham, president of Appellant corporation, when the bankruptcy

petition was filed.  (*Id.* at 70.)[2]  In September 2005, Appellee asked the Bankruptcy Court to

order the turnover of all artwork described in Debtor's Chapter 7 filing, and in December 2005,

the court ordered Cunningham and any company under his control, including Appellant, to

surrender 162 paintings to Appellee.  (*Id.* at 70-74.)  Appellee was able to recover nineteen

paintings, and he arranged with Surf City to store them until they could be sold.  (*Id.* at 381-82.)

A dispute over the ownership of at least three of the nineteen paintings ("the Holland

paintings") is the focus of the present appeal.  Appellant has claimed an ownership interest, a

purchase money security interest, a partnership interest, and a possessory lien in the paintings

from the outset of the bankruptcy proceedings.  (*Id.* at 67-68, 79, 88-90, 119, 530-31.)  Surf City

claimed a security interest in the paintings on the basis of a promissory note executed by Debtor

in favor of Surf City in 2002, secured by Debtor's pledge of personal assets including "50%

interest in art collection."  (*Id.* at 190, 192, 203, 263.)  Debtor acknowledges borrowing the

money from Cunningham to purchase the Holland paintings (*Id.* at 360, 463-64) and claims that

they are the property of a partnership that existed at one time between Debtor and Cunningham.

(*Id.* at 27, 38, 484-85, 545-46, 551-57.)  Debtor claims the other sixteen paintings as personal

property.  (*Id.* at 98, 450-51, 456-59.)  Appellee has treated all nineteen paintings as property of

the bankruptcy estate. (*Id.* at 70, 85.)

_____

[2]There is no relationship between Greg Cunningham, president of Appellant company, and Appellee James
Cunningham, Chapter 7 Trustee.  References in this order to "Cunningham" are to Greg Cunningham; the Chapter 7
Trustee is referred to as "Appellee" or "Trustee."

In August 2006, Appellee objected to Appellant's claim of a security interest in the artwork, filed in March 2005, on the ground that the claim was unsupported by documentation. (*Id.* at 73, 111.)  In September 2006, Appellant filed a response claiming that its interest was secured by possession and by the doctrines of equitable lien and constructive trust.  (*Id.* at 119.) On September 20, 2006, after a hearing, the Bankruptcy Court issued the first order appealed from, the "Order Sustaining Trustee's Objections to Claim of Interest in Artwork."  (*Id.* at 125-26.)  The court held that Appellant has no security interest, no ownership interest, and no equitable lien in any of the paintings.  (*Id.* at 126.)  At the hearing, the Bankruptcy Court noted that it found Debtor's testimony "credible" and "persuasive" on the subject of ownership of the artwork.  (*Id.* at 522.)[3]

The second order appealed from relates to a settlement agreement between Appellee and Surf City reached in January 2006, in which both parties agreed that each would receive one-half of the proceeds from sale of the nineteen paintings, after costs of storage and marketing had been paid to Surf City.  (*Id.* at 182-83.)  Appellee filed a motion in June 2006 for approval of this compromise settlement.  (*Id.* at 99.)  Appellant objected on the grounds that Surf City had never filed a claim against the estate and was thus not a creditor, and where there was no claim there could be no compromise. (*Id.* at 103.)  On September 25, 2006, Appellant renewed its objection to the approval of the compromise settlement with Surf City, again claiming that Surf City was not a legitimate creditor; Appellant also claimed that a judgment rendered in a lawsuit between

---

[3]It is apparent from the Record that Appellant considers CFB-5, Inc., the named Appellant and the originator of the bankruptcy petition, indistinguishable from Greg Cunningham, president of Appellant company. (R. at 519-20.)   However, that they are separate entities is apparent from the Bankruptcy Court's ruling, which stated that documentation proving Debtor's indebtedness to Cunningham was not relevant for the purpose of proving an indebtedness to Appellant.  (*Id.* at 521-22.)

Surf City and Debtor in August 2003 foreclosed any claim Surf City had against Debtor's property, and thus Surf City was collaterally estopped from asserting any claim against the estate. (*Id.* at 121-24.) On October 2, 2006, after a hearing, the Bankruptcy Court issued its "Order Approving Trustee's Settlement with Surf City-USA, Dallas, Ltd." (*Id.* at 127-28.) In the hearing, the Bankruptcy Court noted that Surf City's claim did not appear "frivolous or fraudulent" and that the testimony of the president of Surf City was "credible." (*Id.* at 441-42.)

Appellant's brief in support of its appeal notes five points of error: the first four are that the Bankruptcy Court erred in determining that Appellant had no (1) purchase money security interest, (2) partnership interest, (3) ownership interest, or (4) possessory lien on any of the paintings. (Br. at 1.) Appellant's fifth point of error is that the Bankruptcy Court erred as a matter of fact and law in granting Appellee's Motion to Compromise Controversy. (*Id.*)

## II.     Standard of Review

This Court, sitting in review of a Bankruptcy Court's final decisions, reviews conclusions of law de novo, and reviews findings of fact only for clear error. *In re Amco Ins.*, 444 F.3d 690, 694 (5th Cir. 2006). In reviewing findings of fact, the Court must give "due regard" to "the opportunity of the trial court to judge the credibility of the witnesses." Fed. R. Civ. P. 52(a). Under this standard, the Court accepts the Bankruptcy Court's findings of fact "unless it is left with the definite and firm conviction that a mistake has been committed." *In re Johnson Sw., Inc.*, 205 B.R. 823, 827 (Bankr. N.D. Tex. 1997).

III.   **Analysis**

A.   **Does Plaintiff Have Any Interest in Paintings?**

Appellant claims a purchase money security interest in the Holland paintings.  (R. at 104.)  A "security interest" is a "purchase money security interest" if the party holding the security interest gave value to the debtor that enabled the debtor to acquire the collateral.  Tex. Bus. & Com. Code Ann. ¶¶ 9.103(a)(1), 9.103(b)(1) (Vernon 2001).  In the present case, the "purchase money" element is satisfied; there is no question that Cunningham gave value to Debtor that enabled Debtor to acquire the Holland paintings.  (R. at 360, 463-64.)  However, the mere loan of the purchase money does not create a "security interest."  In order for a security interest to attach, three elements are required:(1) the debtor must have rights in the collateral sufficient to permit attachment of the security interest; (2) the secured party must give value in exchange for the security interest; and (3) the agreement must be satisfactorily evidenced.  Tex. Bus. & Com. Code Ann. § 9.203(b)(1)-(3).  Under the version of Uniform Commercial Code in effect in Texas from July 1, 2002, to August 31, 2005, this third element could be satisfied if the secured party took possession of the collateral "pursuant to the debtor's security agreement." *Id.*, § 9.203(b)(3)(A)-(D).

The record is clear that Debtor never executed a security agreement to Appellant or to Cunningham, either for the Holland paintings or for any other paintings in Debtor's estate.  (R. at 450-52, 477.)  Appellant acknowledges that it has no written security agreement with Debtor, and relies on "its possessory security interest . . . pursuant to Tex. Bus. & Com. Code § 9.313" and its "equitable lien and constructive trust pursuant to . . . *Bombardier Aero. v. Ferrer, Poirot, Wansbrough* (sic), 354 F.3d 348 (5th Cir. 2004)."  (R. at 119.)  However, Tex. Bus. & Com.

Code § 9.313 permits a secured party to *perfect* a security interest in goods by taking possession of the collateral; this provision does not speak to the *creation* of a security interest by such a method.  Tex. Bus. & Com. Code Ann. § 9.313(a).  Further, *Bombardier* stands for the proposition that a company may impose an equitable lien or a constructive trust to enforce the express terms of a written contract when there is no remedy at law, a situation that does not arise in the present case.  *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d at 351, 362.  Thus the Court finds that the Bankruptcy Court was correct in ruling that Appellant has no security interest in the artwork.

Appellant's claim of an ownership interest in the Holland paintings is based on Appellant's having purchased them; it also claims an ownership interest on the basis of having been in possession of them at the time the bankruptcy petition was filed.  (Br. at 8-10.)  The record is clear that Appellant did not actually purchase the Holland paintings; rather, Cunningham paid for the paintings on behalf of Debtor and recorded the purchase price as a loan from himself to Debtor.  (R. at 161-68, 284, 360.)  Also, in the absence of a security agreement from Debtor, possession did not secure ownership in the paintings.  Tex. Bus. & Com. Code Ann. § 9.313(a).  This Court thus finds that the Bankruptcy Court did not err in holding that Appellant has no ownership interest in the artwork.

Appellant's claim of a partnership interest in the Holland paintings is based on his having purchased them on behalf of what Debtor characterized as a "loosely framed partnership" between himself and Greg Cunningham.  (R. at 484-86.)  However, since Cunningham consistently denied the existence of such a partnership, and there was never a partnership between Debtor and Appellant, this is a difficult claim to sustain.  (*Id.* at 552.)  Further, the

record of Cunningham's personal loans to Debtor for the purchase of the paintings was the basis for the Bankruptcy Court's finding that Appellant has no security interest in the paintings.  (*Id.* at 284, 521-22.)  Because the Bankruptcy Court made no finding on the issue of partnership interest in either of the orders appealed from, this Court does not reach this issue.

Lastly, Appellant claims an equitable possessory lien on the Holland paintings.  (Br. at 5.)  An equitable possessory lien arises when parties agree that one party will hold certain specified property as collateral for a debt owed by the other.  *Matter of Daves*, 770 F.2d 1363, 1367 (5th Cir. 1985).  To create an equitable lien, there must be (1) an express or implied agreement between the parties demonstrating a clear intent to create a security agreement; and (2) the identification of specific property intended to secure the payment.  *Id.* at 1363; *In re "RONFIN" Series C Bond Sec. Interest Litig.*, 182 F.3d 366, 371 (5th Cir. 1999).  If there is no security agreement, there can be no equitable possessory lien.  *Davies*, 770 F.2d 1367.

Appellant claimed that the paintings were given to him by Debtor and by Debtor's estranged wife with the understanding that they would be security for an outstanding debt between Debtor and Cunningham.  (R. at 68, 505.)  Debtor testified that the Holland paintings were purchased with a loan from Cunningham as part of a partnership between them, and that there was never an agreement, express or implied, for Cunningham to hold either the Holland paintings or any other artwork as security for a debt.  (*Id.* at 463-64, 477.)  The Bankruptcy Court, in finding that Appellant had no possessory interest in the paintings, did not reach the issue of whether there might be an outstanding debt between Debtor and Cunningham.  (*Id.* at 521.)  Further, the court stated that it found Debtor's testimony "credible and persuasive."  (*Id.* at

522.)  For these reasons, this Court finds that the Bankruptcy Court properly held that Appellant

has no possessory lien on the artwork.

For the foregoing reasons, this Court agrees with the Bankruptcy Court that Appellant

has no security interest, no ownership interest, and no equitable possessory lien on any of the

artwork in Debtor's estate.  The Court thus finds no error in the Bankruptcy Court's "Order

Sustaining Trustee's Objection to Claim of Interest in Artwork," entered on September 26, 2006.

## B.        Did the Bankruptcy Court Err in Approving Surf City Settlement?

Appellant's fifth point of error states that the Bankruptcy Court erred in approving the

"Order Approving Trustee's Settlement with Surf City-USA, Dallas, Ltd."  Under Rule 9019 of

the Federal Rules of Bankruptcy Procedure, approval of compromise settlements is at the

discretion of the bankruptcy court.  Appellate courts review these decisions for abuse of

discretion.  *In re Aweco, Inc.*, 725 F.2d 293, 297 (5th Cir. 1984).  In ruling on a motion to

approve a compromise, the role of the Bankruptcy Court is to determine whether the

compromise reached is in the best interest of the creditors of the estate.  *In re Jackson Brewing

Co.*, 624 F.2d 599, 602-03 (5th Cir. 1980).

Appellant asserts three factors showing that the compromise was not in the best interest

of the estate and was thus an abuse of the court's discretion:  (1) Surf City had asserted no claim

against the estate, so there was nothing to compromise; (2) the compromise benefited only one

creditor; and (3) Surf City's claim, to the extent that it ever existed, was foreclosed by an Agreed

Judgment in a lawsuit between Surf City and Debtor, and thus Surf City is collaterally estopped

from asserting any further claims against any property of Debtor.

First, Surf City was not required to file a claim against the estate.  Surf City is listed in

Debtor's Chapter 7 financial statement as a creditor holding a secured interest (R. at 42), and

according to the Federal Rules of Bankruptcy Procedure, secured creditors are not required to

file claims to preserve their interests.  Fed. R. Bankr. P. 3002 & advisory committee note (a); *In*

*re Simmons*, 765 F.2d 547, 551 (5th Cir. 1985); *see also IRS v. Taylor (In re Taylor)*, 132 F.3d

256, 260-261 (5th Cir. 1998) (noting that "Congress intended that a secured creditor could

preserve his lien without participating in the bankruptcy proceeding").

Second, the record shows that the Bankruptcy Court considered the effect of this

settlement on all creditors – in fact, the court deferred issuing any order on Trustee's motion

until a claim asserted by Appellant could be decided.  (R. at 441.)

Third, the Bankruptcy Court was not required to rule on the merits of Surf City's claim;

the role of the bankruptcy judge was to determine whether the compromise was in the best

interests of the estate.  *Jackson Brewing*, 624 F.2d at 602-03.  This determination generally

depends on three factors: "(1) the probability of success in litigation, with due consideration for

the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any

attendant expense, inconvenience and delay; and (3) all other factors bearing on the wisdom of

the compromise."  *Id.* at 602.  In this case, all factors point to approval of the compromise with

Surf City.

The Trustee testified that this case was already "very litigious," and the attorney for Surf

City testified that Surf City would litigate its claim against both Trustee and Appellant if a

compromise could not be reached.  (R. at 385, 394.)[4]  The basis for Surf City's claim was a

_____

[4]On page 385 of the transcript, the speaker is mis-identified as Mr. Sorenson.  From references to "my
client" storing the artwork and other internal references, the speaker is clearly Ms. Shull, attorney for Surf City.

**Memorandum Opinion & Order**
**3:06-CV-2104-P**
**Page 9 of 11**

security agreement executed by Debtor in Surf City's favor to guarantee payment of a promissory note.  (*Id.* at 190, 204.)  When Debtor defaulted on the note, Surf City sued to recover its money.  (*Id.* at 186.)  While that lawsuit was pending, Debtor and Surf City executed a second, handwritten security agreement pledging Debtor's personal assets, including artwork, as security for payment of any judgment in Surf City's favor.  (*Id.* at 263-267, 199.)  This handwritten document was not dated.  However, the president of Surf City testified that it predated the judgment reached in the lawsuit, and that it was the intention of both parties that the artwork be included in the Agreed Judgment (*Id.* at 417, 428-31).  Appellant does not dispute that the document predates the Agreed Judgment; however, he claims that it is not part of the Agreed Judgment because it was never filed, and that in any case, the artwork is not identified, so there is no way of knowing which paintings were pledged.  (Br. at 20; R. at 401-07, 438.)

Even if Surf City eventually lost at trial on the basis of the inadmissibility of the handwritten security agreement, the litigation was going to be long and expensive and the outcome uncertain.  The Trustee testified that if Surf City prevailed on its claim, this would leave the estate with no identified assets, a result the Trustee wished to avoid on behalf of all the creditors.  (R. at 389-92.)  The Bankruptcy Court heard all of this evidence, found the Surf City president's testimony "credible," and decided that Surf City had a claim worth compromising.  (*Id.* at 441-42).[5]  In addition, Trustee's attorney stated that Surf City was the only party who had come forward with any plan to create an estate from which all creditors could be paid.  (*Id.* at 436, 440.)  This also argues for "the wisdom of the compromise."

---

[5]The Bankruptcy Court specifically did not rule on whether Surf City actually owned the artwork; the court simply stated that "there exists a disputed claim that needs to be settled."  (R. at 442.)

Under all the circumstances, this Court finds that the Bankruptcy Court did not abuse its discretion in approving the Motion to Compromise Settlement.

**IV.     Conclusion**

Having reviewed the record and the pleadings in this case, this Court finds that the Bankruptcy Court did not err in deciding that Appellant had no ownership interest, no security interest, and no possessory lien on the artwork in Debtor's estate.  The Court further finds that the Bankruptcy Court did not abuse its discretion in approving the Motion to Compromise Controversy.  Therefore, both the "Order Sustaining Trustee's Objection to Claim of Interest in Artwork," issued September 26, 2006, and the "Order Approving Trustee's Settlement with Surf City-USA, Dallas, Ltd.," issued October 2, 2006, are AFFIRMED.

**IT IS SO ORDERED.**

Signed this 13th day of July 2007.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE